# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TYRONE HENRY MCMILLER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-14-161-W |
| CORRECTIONS CORPORATION OF AMERICA; CHAD MILLER, WARDEN; SGT. STOKES; COUNSELOR GIBSON; FNU DURANT; FNU PAINE; FNU SELLERS; AND LT. BATTLES, | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging various violations of his constitutional rights. The matter has been referred to the undersigned magistrate judge for initial proceedings consistent with the preparation and submission of proposed findings and recommendations as to dispositive matters referenced in 28 U.S.C. § 636(b)(1)(A) and (B). Currently before the Court are Plaintiff's two motions for temporary restraining orders and preliminary injunctions. **(ECF Nos. 21 and 44)**. For the following reasons, it is recommended that both motions be **DENIED.**

## BACKGROUND

Plaintiff is currently incarcerated in Cimarron Correctional Facility (CCF), a private prison facility owned and operated by Corrections Corporation of America (CCA) under contract with the Oklahoma Department of Corrections (ODOC). Plaintiff alleges that on

November 5, 2013, he was subjected to excessive force as punishment for his having complained about the unsanitary conditions of the inmate shower. According to Plaintiff, Defendant Durant handcuffed Plaintiff and made him stand in the shower for forty-five minutes. Plaintiff contends that the restraints were too tight and hurt both wrists. Though he accosted several other employees who happened by, Plaintiff contends no one would loosen the restraints. Plaintiff alleges he did not receive adequate medical care for his injured wrists after this incident.

In his first Motion for Temporary Restraining Order, Plaintiff asks this Court to order defendants to provide him with medical treatment without delay and to cease their ongoing retaliation against him.

In his second Motion for Temporary Restraining Order, Plaintiff asks this Court to appoint an independent expert to "show carpal tunnel surgery should be done" and to assess the damage to Plaintiff's wrists.

## DISCUSSION

To obtain a preliminary injunction, a party must establish: (1) "a substantial likelihood of success on the merits;" (2) "irreparable harm to the movant if the injunction is denied;" (3) "the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party;" and (4) "the injunction, if issued, will not adversely affect the public interest." *General Motors Corp. v. Urban Gorilla, LLC,* 500 F.3d 1222, 1226 (10th Cir. 2007).

Upon review of these motions, the undersigned finds that Plaintiff has not shown a substantial likelihood of success on the merits. Plaintiff has not been deprived of medical care for injuries to his wrists. The medical records contained in the court-ordered Special Report (ECF No. 28, Ex. 2) record numerous visits to the medical staff at the facility. The medical staff twice ordered X-rays of Plaintiff's wrists, the first on November 27, 2013. On that date both of Plaintiff's wrists were studied. Upon review of the X-rays, Dr. E. Dennis Harris found both wrists to be normal. (ECF 28-2 at 19). Because Plaintiff continued to complain of pain in his right wrist, a second X-ray was provided on December 10, 2013, consisting of three views of the right wrist. About his observations, Dr. Harris wrote, "The joint spaces, bone density and alignment are normal. No fractures, dislocations, soft tissue processes or effusion are noted." (ECF No. 28-2 at 19).

Despite the normal X-ray studies, Plaintiff was taken to the Lindsay Municipal Hospital on June 3, 2014, for assessment of his injuries. A record of the doctor's notes is included in the Special Report (ECF No. 28-2 at 71). The medical provider, Dr. Greisnian, opined that Plaintiff's symptoms indicated carpal tunnel syndrome or cubital tunnel syndrome but noted further evaluation was needed to determine the location of the pressure. (ECF No. 28-2 at 58). On July 22, 2014, the medical provider at Lindsay Municipal Hospital again examined Plaintiff and determined a previous EMG/NCV was nondiagnostic. Dr. Greisnian referred Plaintiff to the University Hospital for a formal neurology evaluation to determine whether Plaintiff was suffering from polyneuropathy

and for an MRI of the wrist. (ECF No. 28-2 at 67). As the Special Report was filed on August 11, 2014, no further medical records were provided.

Plaintiff has received on-going medical care since the date of his alleged injury. Accordingly, he has not demonstrated that he has a substantial likelihood of success on the merits of his claim of deliberate indifference to serious medical needs. Because the record contains reports of doctors outside the facility as well as objective medical tests, this court need not appoint an outside expert to evaluate Plaintiff's wrists.

Additionally, while Plaintiff may have alleged enough facts in his Complaint to state constitutional claims for excessive force and retaliation, he has provided this Court with no evidence demonstrating these constitutional violations are ongoing.

Plaintiff's allegations are also insufficient to demonstrate even the possibility he would suffer irreparable harm if injunctive relief is denied. The medical records indicate that Plaintiff's wrist pain, regardless of its cause, is being treated both by medical personnel at the facility and by doctors and specialists outside the facility. Moreover, as Plaintiff is being regularly treated, he has not demonstrated that threatened injury to him outweighs the harm that the preliminary injunction may cause the opposing party.

Finally, Plaintiff has failed to demonstrate the injunctive relief he seeks is not adverse to the public interest. The Supreme Court has clearly cautioned against judicial interference with the daily administration of prisons. *Turner v. Safley,* 482 U.S. 78, 84–85 (1987). In *Turner,* the Court stated:

> Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of

> resources, all of which are peculiarly within the province of the legislative and executive branches of government. Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint.

482 U.S. at 84–85. The desired injunction would obviously interfere with prison administrative and/or medical decisions. Under these circumstances, the public interest weighs against the issuance of a preliminary injunction.

## RECOMMENDATION

It is recommended that Plaintiff's Motions for Temporary Restraining Orders and Preliminary Injunction, **ECF Nos. 21 and 44**, be **DENIED.** Plaintiff is hereby advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **February 17, 2015**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives her right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF THE REFERRAL

This Report and Recommendation **DOES NOT dispose of all issues** referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** on January 29, 2015.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE