IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

FILED
FEB 2 3 2015
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

TYRONE HENRY McMILLER, )
)
Plaintiff, )
)
vs. ) No. CIV-14-161-W
)
CORRECTIONS CORPORATION OF )
AMERICA et al., )
)
Defendants. )

## ORDER

On January 29, 2015, United States Magistrate Judge Shon T. Erwin issued a Report and Recommendation in this matter and recommended that the requests for extraordinary injunctive relief filed by plaintiff Tyrone Henry McMiller be denied. McMiller was advised of his right to object, see Doc. 56 at 5, and the matter now comes before the Court on McMiller's Objection to the Report and Recommendation [Doc. 63].

Upon de novo review of the record, the Court not only concurs with Magistrate Judge Erwin's suggested disposition of McMiller's first and second Motions for a Temporary Restraining Order and Preliminary Injunction [Docs. 21, 44], but also finds that McMiller is not entitled to the relief he has requested in his renewed Motion for a Temporary Restraining Order and Preliminary Injunction that was filed prior to the issuance of the Report and Recommendation, see Doc. 54, but not addressed therein.

McMiller has alleged in this action that his wrists were injured by the unlawful use of excessive force and that certain defendants are interfering with necessary medical treatment for his injuries. In the instant motions, McMiller has urged the Court to order these defendants not only to provide proper medical care without further delay since he is

"still experiencing numbness, tingling and pain in . . . [his] right wrist," Doc. 54 at 2, but also to cease their alleged retaliatory conduct. McMiller has asked "the [C]ourt to appoint an independent expert to show [that] carpal tunnel surgery should be done," see Doc. 44 at 6, and "to assess the damage to . . . [his] wrists and hand." Id.

A temporary restraining order and a preliminary injunction are extraordinary remedies; accordingly, McMiller must show that his "'right to relief . . . [is] clear and unequivocal,'" Nova Health Systems v. Edmondson, 460 F.3d 1295, 1298 (10th Cir. 2006)(quotation omitted), and to do so, McMiller must demonstrate a likelihood of success on the merits of his claim, imminent and irreparable injury if the temporary restraining order and injunction do not issue, that the balance of equities tips in his favor and that the requested relief would serve the public interest.

The Court finds that McMiller has failed to meet his burden. Although McMiller has complained of delay in medical care, he has not been deprived of treatment; at most, McMiller has shown[1] that the defendants may be negligent in their alleged failure to administer proper medical care. E.g., Perkins v. Kansas Department of Corrections, 165 F.3d 803, 811 (10th Cir. 1999)(negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to constitutional violation). Thus, McMiller has not shown a likelihood of success on the merits of his claim of deliberate indifference to serious medical needs or shown, at this point in the litigation, more than

---

[1] Compare Callahan v. Poppell, 471 F.3d 1155, 1160 (10th Cir. 2006)(denial of wheelchair to prisoner following injury was difference of opinion regarding treatment and did not constitute deliberate indifference necessary to show constitutional violation), with Green v. Branson, 108 F.3d 1296, 1303 (10th Cir. 1997)(showing of deliberate refusal to provide medical attention, as opposed to a particular course of treatment, coupled with falsification of medical records, may give rise to constitutional violation).

speculation that the harm he will suffer if the temporary restraining order and injunction do not issue is irreparable. E.g., Prairie Band of Potawatomie Indians v. Pierce, 253 F.3d 1234, 1250 (10th Cir. 2001)(irreparable harm must be more than "'merely serious or substantial'" harm).

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 56] issued on January 29, 2015;

(2) in so doing, DENIES McMiller's Motion for a Temporary Restraining Order and Preliminary Injunction [Doc. 21] file-stamped July 3, 2014, and his Motion for a Temporary Restraining Order and Preliminary Injunction [Doc. 44] file-stamped October 10, 2014; and

(3) likewise DENIES McMiller's Motion for a Temporary Restraining Order and Preliminary Injunction [Doc. 54] file-stamped January 26, 2015.

ENTERED this 23rd day of February, 2015.

LEE R. WEST
UNITED STATES DISTRICT JUDGE