IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TYRONE HENRY MCMILLER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-14-161-W |
| ) | |
| CORRECTIONS CORPORATION OF ) | |
| AMERICA; CHAD MILLER, WARDEN; ) | |
| SGT. STOKES; COUNSELOR GIBSON; ) | |
| FNU DURANT; FNU PAINE; FNU SELLERS; ) | |
| AND LT. BATTLES, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. The matter has been referred to the undersigned magistrate judge for initial proceedings consistent with the preparation and submission of proposed findings and recommendations as to dispositive matters referenced in 28 U.S.C. § 636(b)(1)(A) and (B). Currently before the Court is Plaintiff's latest motion for a temporary restraining order and preliminary injunction, **(ECF No. 76)**, to which Defendants have responded. **(ECF No. 87)**. For the following reasons, it is recommended that Plaintiff's motion be **DENIED.**

### BACKGROUND

Plaintiff is currently incarcerated in Cimarron Correctional Facility (CCF), a private prison facility owned and operated by Corrections Corporation of America (CCA) under contract with the Oklahoma Department of Corrections (ODOC).

In this, his latest Motion for Temporary Restraining Order and injunctive relief, Plaintiff contends he is being improperly housed with an "aggressive homosexual"; that Defendants have failed to treat his chronic high blood pressure; and that Defendants have delayed surgery for his wrist. Plaintiff asks this court to order defendants to place him with a different cell mate; to provide him with "proper medical care regarding his chronic condition high blood pressure;" and to "notify the physician at Lindsay Municipal Hospital of the 4/22/2015 diagnosis and to provide Plaintiff surgery." (ECF No. 76:1-2).

## DISCUSSION

To obtain a preliminary injunction, a party must establish: (1) "a substantial likelihood of success on the merits;" (2) "irreparable harm to the movant if the injunction is denied;" (3) "the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party;" and (4) "the injunction, if issued, will not adversely affect the public interest." *General Motors Corp. v. Urban Gorilla, LLC,* 500 F.3d 1222, 1226 (10th Cir. 2007).

Plaintiff has not demonstrated a substantial likelihood of success on the merits or immediate irreparable harm. Attached to his motion as Exhibit 2 is an Oklahoma Department of Corrections form with an evaluation of the performance of Plaintiff's cellmate the "aggressive homosexual" described by Plaintiff received ratings of "outstanding" in every category under "Current Patterns of Behavior." The form indicates his last misconduct was on April 14, 2013. (ECF No. 76-2). Plaintiff has

2

alleged no facts to substantiate his allegation that he is at risk for immediate and irreparable harm.

Plaintiff next claims he has been deprived of medical care for his hypertension. Defendants have submitted updated medical records attached to their Response. (ECF No. 87-1). These records demonstrate Plaintiff was prescribed two hypertension medications on May 14, 2015. (ECF No. 87-1:29-32). Moreover, Plaintiff's blood pressure was checked, at his request, on May 19, 2015. (ECF No. 87-1:38-39). Thereafter, his blood pressure was checked on May 28, June 4, June 5, June 6, June 8, and June 10, 2015 (ECF No. 87-1:40-41). The frequency of exams specifically for checking Plaintiff's blood pressure does not support a claim of immediate and irreparable harm.

Plaintiff's last request would have this court order prison officials to provide Lindsay Municipal Hospital with the results of a diagnostic test, indicating Plaintiff has severe median nerve entrapment, carpal tunnel syndrome, and mild sensory ulnar neuropathy at the level of the wrist. (ECF No. 87-1:22). He further asks this court to order prison officials to provide him with surgical treatment for his wrist. The medical records indicate that Plaintiff's pain from his wrist is being treated. (ECF No. 87-1:4). Plaintiff has not demonstrated that the delay in surgical treatment presents a threat of immediate and irreparable harm.

Plaintiff has also failed to demonstrate the injunctive relief he seeks is not adverse to the public interest. The Supreme Court has clearly cautioned against

judicial interference with the daily administration of prisons. *Turner v. Safley,* 482 U.S. 78, 84–85 (1987). In *Turner,* the Court stated:

> Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint.

482 U.S. at 84–85. The desired injunction would obviously interfere with prison administrative and/or medical decisions made by prison medical personnel. Under these circumstances, the public interest weighs against the issuance of a preliminary injunction.

**RECOMMENDATION**

It is recommended that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, **ECF No. 76**, be **DENIED.** Plaintiff is hereby advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **September 8, 2015**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives her right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

**STATUS OF THE REFERRAL**

This Report and Recommendation **does not dispose of all issues** referred to the undersigned Magistrate Judge in the captioned matter at this time.

**ENTERED** on August 19, 2015.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE