IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

| TYRONE HENRY McMILLER, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. CIV-14-161-W |
| CORRECTIONS CORPORATION OF AMERICA et al., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

On August 19, 2015, United States Magistrate Judge Shon T. Erwin issued a Report and Recommendation in this matter and recommended that the latest request for injunctive relief filed by plaintiff Tyrone Henry McMiller be denied. McMiller was advised of his right to object, see Doc. 93 at 4, but no objections have been filed within the allotted time.

Upon review of the record, the Court concurs with Magistrate Judge Erwin's suggested disposition of McMiller's Motion for a Temporary Restraining Order and Preliminary Injunction [Doc. 76].

McMiller has alleged in this action that his wrists were injured by the unlawful use of excessive force on November 5, 2013, and that certain defendants are interfering with necessary medical treatment for his injuries. In the instant motion, McMiller has advised that he is seeking "a temporary restraining order and a preliminary injunction[1] to ensure

---

[1] In the instant motion, McMiller has asked the Court to enjoin "the defendants from placing [him] . . . in danger." Doc. 76 at 1-2. The alleged harm about which McMiller has complained is his "housing . . . with [an] inmate . . . who is on 'Housing Restrictions' and who is an aggressive homosexual." Id. at 2 (citation omitted). McMiller has also complained about a defendant who is "trying to provoke a situation between [McMiller] . . . and [another] inmate . . . ." Id. (citation omitted).
At the time the Report and Recommendation issued, McMiller was incarcerated in Cimarron

that he receive proper medical care regarding his chronic condition[,] high blood pressure[,²]" Doc. 76 at 1-2, and to ensure that "the physician at Lindsay Municipal Hospital [is notified] of the . . . diagnosis [received in April 2015] and provide [him (McMiller)] . . . surgery."³ Id. at 2.

A temporary restraining order and a preliminary injunction are extraordinary remedies; accordingly, McMiller must show that his "'right to relief . . . [is] clear and unequivocal.'" Nova Health Systems v. Edmondson, 460 F.3d 1295, 1298 (10th Cir. 2006) (quotation omitted). To do so, McMiller must demonstrate a likelihood of success on the merits of his claim, imminent and irreparable injury if the temporary restraining order and injunction do not issue, that the balance of equities tips in his favor and that the requested relief would serve the public interest.

The Court finds that McMiller has failed to meet his burden. Although McMiller has complained of delay in medical care, he has not been deprived of treatment. The record shows that McMiller was prescribed two hypertension medications on May 14, 2015, see Doc. 87-1 at 32, and his blood pressure was thereafter checked on at least six (6)

---

Correctional Facility ("CCF"), a private prison owned and operated by Corrections Corporation of America, under contract with the Oklahoma Department of Corrections. McMiller is now incarcerated at James Crabtree Correctional Center, a state-owned facility located in Helena, Oklahoma. See Doc. 95. Thus, McMiller's complaints regarding his cellmate and any other inmate at CCF are moot.

²McMiller has complained that CCF's medical staff is "placing . . . [him] on higher dosages of blood pressure medication without monitoring or checking . . . [his] blood pressure . . . ." Doc. 76 at 2.

³Miller has asserted that "care for [his] . . . serious medical need[,] . . . carpal tunnel syndrome ulnar neuropathy at wrist[,]" id. at 5 (citation omitted), is being delayed and that the defendants have "refuse[d] to state whether the physician at Lindsay Municipal [Hospital] has been notified of [his] . . . diagnosis in order for [him] . . . to have surgery." Id. (citation omitted).

occasions in May and June 2015. See id. at 39, 41, 51. Finally, the medical records show that McMiller has been treated by medical providers at Lindsey Municipal Hospital in Lindsey, Oklahoma, as well as a neurologist at St. Anthony Neurology in Oklahoma City, Oklahoma. See id. at 25.

Because McMiller has not sufficiently shown that the harm he has claimed he will suffer if the temporary restraining order and injunction do not issue is either imminent or irreparable, the Court

(1) ADOPTS the Report and Recommendation [Doc. 93] issued on August 19, 2015;

(2) DENIES McMiller's Motion for a Temporary Restraining Order and Preliminary Injunction [Doc. 76] file-stamped June 3, 2015; and

(3) RE-REFERS this matter to Magistrate Judge Erwin for further proceedings.

ENTERED this 22nd day of September, 2015.

LEE R. WEST
UNITED STATES DISTRICT JUDGE