# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TYRONE HENRY MCMILLER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-14-161-W |
| CORRECTIONS CORPORATION OF AMERICA; CHAD MILLER, WARDEN; SGT. STOKES; COUNSELOR GIBSON; FNU DURANT; FNU PAINE; FNU SELLERS; AND LT. BATTLES, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging various violations of his constitutional rights. The matter has been referred to the undersigned magistrate judge for initial proceedings consistent with the preparation and submission of proposed findings and recommendations as to dispositive matters referenced in 28 U.S.C. § 636(b)(1)(A) and (B). Currently before the Court is Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. **(ECF No. 97)** (Plaintiff's Motion). For the following reasons, it is recommended that the motion be **DENIED.**

I. **Background**

At all times relevant to this action, Plaintiff was incarcerated in Cimarron Correctional Facility (CCF), a private prison facility owned and operated by

Corrections Corporation of America (CCA) under contract with the Oklahoma Department of Corrections (ODOC). Plaintiff's Complaint alleges that on November 5, 2013, he was subjected to excessive force as punishment for his having complained about the unsanitary conditions of the inmate shower. According to Plaintiff, Defendant Durant handcuffed Plaintiff and made him stand in the shower for forty-five minutes. Plaintiff contends that the restraints were too tight and hurt both wrists. Though he accosted several other employees who happened by, Plaintiff contends no one would loosen the restraints.

On April 22, 2015, Dr. Elizabeth Bryniarski, a neurologist at St. Anthony Neurology, examined Plaintiff and diagnosed carpal tunnel syndrome and ulnar neuropathy of the right wrist. Plaintiff's Declaration in Support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, Exhibit 1 (Doc. No. 98-1). She prescribed Gabapentin, and wrote a prescription dated April 22, 2015 for 60 capsules to be administered twice daily. Dr. Bryniarski authorized five refills. (Doc. No. 98-1:3). Plaintiff states he is scheduled for surgery. (Doc. No. 98:1).

On August 28, 2015, Plaintiff was transferred to the James Crabtree Correctional Center (JCCC). There, the medical staff refused to follow Dr. Bryniarski's medical orders and discontinued Plaintiff's Gabapentin, suggesting that he buy Ibuprofen from the canteen instead. *See* Request for Medical Services (98-3).

**II.     Plaintiff's Request for Relief**

Plaintiff asks this Court to order JCCC officials to provide him with the medication previously prescribed to him by a specialist in neurology.

**III.    Analysis**

Plaintiff's Motion should be denied for two reasons. First, Plaintiff seeks to have the Court order preliminary relief that would bind non-parties to this action. An injunction is only binding "upon the parties to the action ..., [or] those persons in active concert or participation with them...." Fed. R. Civ. P. 65(d). The rule entails proof of "'alter ego, collusion, or identity of interest.'" *Reliance Insurance Company v. Mast Construction Company*, 84 F.3d 372, 377 (10th Cir. 1996). Plaintiff has not alleged that prison officials at CCF are in active concert or participation with officials at JCCC. In fact, quite the opposite appears to be the case. Plaintiff was receiving his prescribed medication while he was incarcerated at CCF. It is the medical staff at JCCC that is denying Plaintiff the prescribed medication, even though the prescription had provided for several more refills.

Second, even if the Court could bind JCCC officials, Plaintiff has asked for relief that is unrelated to the claims of excessive force asserted in his complaint. In his motion for injunctive relief he complains that JCCC officials have been deliberately indifferent to his serious medical needs. A preliminary injunction grants intermediate

relief of the same character as that which may be finally granted. *See DeBeers Consolidated Mines v. United States*, 325 U.S. 212, 220 (1945). Thus, "the movant must establish 'a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (citation omitted). If he fails to do so, the court is powerless to enter a preliminary injunction. *See Colum v. Winchester*, No. CIV–12–561–HE, 2012 WL 3594804, at *1 (W.D. Okla. June 21, 2012) ("When the movant seeks intermediate relief beyond the claims in the complaint, the court has no authority to enter a preliminary injunction.") (unpublished recommendation), adopted, 2012 WL 3594778 (W.D. Okla. Aug. 21, 2012) (unpublished order).

For both of these reasons, the Court lacks the authority to enter the requested injunctive relief against JCCC officials, and recommends denying Plaintiff's motion for a preliminary injunction and/or temporary restraining order. (Doc. No. 97).

## RECOMMENDATION

It is recommended that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, (**ECF No. 97)**, be **DENIED.** Plaintiff is hereby advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **March 4, 2016**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that failure to make timely objection to this Report and

Recommendation waives her right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF THE REFERRAL

This Report and Recommendation **disposes of all issues** referred to the undersigned magistrate judge in the captioned matter.

**ENTERED** on February 16, 2016.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE