IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| TYRONE HENRY MCMILLER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. CIV-14-161-W |
|  | ) |  |
| CORRECTIONS CORPORATION OF | ) |  |
| AMERICA; CHAD MILLER, WARDEN; | ) |  |
| SGT. STOKES; COUNSELOR GIBSON; | ) |  |
| FNU DURAN; FNU PAINE; FNU SELLERS; | ) |  |
| AND LT. BATTLES, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging various violations of his constitutional rights. The matter has been referred to the undersigned magistrate judge for further proceedings consistent with the preparation and submission of proposed findings and recommendations as to dispositive matters referenced in 28 U.S.C. § 636(b)(1)(A) and (B). Currently before the Court is Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. **(ECF No. 116)** (Plaintiff's Motion). For the following reasons, it is recommended that the motion be **DENIED.**

I.  **Background**

At all times relevant to the underlying action, Plaintiff was incarcerated in Cimarron Correctional Facility (CCF), a private prison facility owned and operated by

Corrections Corporation of America (CCA) under contract with the Oklahoma Department of Corrections (ODOC). Plaintiff's Complaint alleges that on November 5, 2013, he was subjected to excessive force as punishment for his having complained about the unsanitary conditions of the inmate shower. According to Plaintiff, Defendant Duran handcuffed Plaintiff and made him stand in the shower for forty-five minutes. Plaintiff contends that the restraints were too tight and hurt both wrists. Though he accosted several other employees who happened by, Plaintiff contends no one would loosen the restraints.

In his current Motion, Plaintiff complains about actions taken by staff members at the Oklahoma State Reformatory (OSR) during a period of time when he was incarcerated there. He references "trumped up" disciplinary reports from officials at his former place of incarceration, James Crabtree Correctional Center (JCCC) that were used as an excuse to transfer him to OSR. (ECF No. 117:3). He also complains of the medical care he received at OSR. *Id.* Plaintiff is currently incarcerated at North Fork Correctional Center (NFCC), a facility operated by ODOC.

## II. Plaintiff's Request for Relief

Plaintiff asks this Court to order "defendants to arrange and to carry out the plan of treatment once prescribed. Take plaintiff to his Prep Surgery and not interfer [sic] with plaintiff's treatment, nor retaliate." *Id.* at 5.

### III. Analysis

Plaintiff's Motion purports to seek an order for prospective injunctive relief ordering defendants to this action to provide him with a particular course of medical care. Plaintiff requested similar relief in his fifth motion for prospective injunctive relief, (ECF No. 97). In that motion, Plaintiff moved this Court to order officials at JCCC, where he was incarcerated at the time, to provide him with certain medical care. This Court denied Plaintiff's motion on two grounds: the order would bind non-parties to this action, and the relief Plaintiff had asked for was unrelated to the claims of excessive force asserted in his complaint. *See* (ECF No. 106) (*citing DeBeers Consolidated Mines v. United States*, 325 U.S. 212, 220 (1945); *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010)).

For the same reasons, the Court should deny Plaintiff's latest Motion for Temporary Restraining Order and Preliminary Injunction. Moreover, to the extent Plaintiff is attempting to raise claims against officials at OCR or JCCC related to his transfer from JCCC and subsequent incarceration at OSR, this motion is insufficient to do so. The allegations in the motion now under consideration have nothing to do with the excessive force claim asserted in this case. Finally, the defendants in this case have no authority to provide Plaintiff with any medical care since he is now incarcerated in a different facility.

## RECOMMENDATION

It is recommended that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, (**ECF No. 116)**, be **DENIED.** Plaintiff is hereby advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **November 4, 2016**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF THE REFERRAL

This Report and Recommendation **disposes of all issues** referred to the undersigned magistrate judge in the captioned matter.

ENTERED on October 18, 2016.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE